# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 2:17-cv-07980-FMO-KES            Date: November 29, 2017

Title: WILLIAM JOE LONG v. C. KEETON

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**      Order To Show Cause Why Petition Should Not Be Dismissed (Dkt. 1)

Petitioner William Joe Long ("Petitioner") filed a <u>pro se</u> Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 on or around October 10, 2017 (the "Petition"). (Dkt. 1 [signature date].) He purports to challenge his March 16, 2009 state sentence for manslaughter. (<u>Id.</u> at 2.) The Court has screened the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"), and finds that the Petition suffers deficiencies summarized below. Petitioner is therefore ordered to show cause why this action should not be dismissed by filing a written response *on or before January 15, 2018*.

## I. BACKGROUND.

Petitioner entered a plea of guilty to manslaughter on March 16, 2009 and agreed to a sentence of 27 years in prison. (Dkt. 1 at 2; Dkt. 1-1 at 65-79 [sentencing hearing transcript].) According to the Petition, he is currently housed at La Palma Correction Center in Eloy, Arizona. (Dkt. 1 at 1.)[1] Petitioner challenges his sentence based on the grounds (1) that it was "doubled" improperly pursuant to California Penal Code § 1170.12(a)-(d); and (2) that the trial court "'unlawfully' applied a (5) year prison prior" which allegedly violated, among other provisions,

---

[1] Online records from the California Department of Corrections and Rehabilitation reflect that Petitioner is housed at the California City Correctional Facility. The discrepancy is not material to the analysis below.

the "5th Amendment 'Double Jeopardy.'" (Id. at 5-6.)

### A.     Direct Appeal.

Following his March 2009 sentencing, Petitioner noticed a direct appeal. (See Dkt. 1-1 at 83-85; People v. Long, Case No. B216314, 2010 Cal.App.Unpub. LEXIS 8 (Cal. App. January 4, 2010).) His counsel at that time filed an opening brief that raised no issues and requested an independent review of the record pursuant to People v. Wende, 25 Cal.3d 436 (1979). (See Dkt. 1-1 at 58; Long, 2010 Cal.App.Unpub. LEXIS 8, at *7.) On January 4, 2010, the California Court of Appeal issued an opinion stating that it had advised Petitioner of the opportunity to submit "any contentions, grounds of appeal or arguments," but had received no response. Long, 2010 Cal.App.Unpub. LEXIS 8, at *7. The appellate court then affirmed his judgment. Id. It does not appear that Petitioner sought direct review of this opinion from the Supreme Court of California.

### B.     State Habeas Proceedings.

After the completion of Petitioner's direct appeal, several years passed. Based on records cited in the petition, and on online court records, Petitioner then commenced filing habeas requests at various levels of state court. Headwaters Inc. v. United States Forest Serv., 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (taking judicial notice of docket in another case).

#### 1.     State Superior Court.

From online dockets in Los Angeles County Superior Court Case Nos. XSCTA099269 (South Central District) and COMTA099269 (Compton Courthouse), it appears that Petitioner sought habeas relief a number of times in superior court, beginning no earlier than May 15, 2013.[2] Petitioner does not cite each of his superior court filings in the Petition. He does highlight, however, that he sought habeas relief in the Los Angeles County Superior Court on "August 5, 2015" and was denied relief on July 13, 2015.[3] (Dkt. 1. at 3-4.) Attachments to the Petition also include a superior court order dated May 5, 2016 denying a habeas petition dated January 12, 2016. (Dkt. 1 at 48 through Dkt. 1-1 at 1.)

---

[2] With respect to this filing and others cited below, the Court relies on the filing date referenced on online dockets. The Court recognizes, under the "mailbox rule," that a pro se prisoner's state habeas petition is deemed filed when the prisoner delivers it to prison authorities for forwarding to the court clerk. Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014). As explained below, however, it appears that Petitioner's filings were submitted long after the pertinent deadline such that the mailbox rule would not be relevant to the Court's analysis here.

[3] The attachments to the Petition appear to indicate that this habeas petition was actually filed on May 27, 2015. (Dkt. 1 at 28-30.) It appears that Petitioner later filed an August 5, 2015 document entitled "Coram Nobis-Correction of Error" with the state superior court. (Dkt. 1 at 12-26 [signature date].)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:17-cv-07980-FMO-KES

Date: November 29, 2017
Page 3

### 2. State Court of Appeal.

Petitioner additionally sought habeas review at the California Court of Appeal. In the Petition, Petitioner cites California Court of Appeal Case Nos. B266001, B267558, B271225, B275704, B276615, B279146, and B280424. (Dkt. 1 at 2-3.) The dockets for those cases reflect that each involved habeas requests, with the exception of Case No. B279146, which involved a petition for writ of "Error Coram Vobis." It also appears that Petitioner filed additional habeas cases in the California Court of Appeal which are not cited in the Petition but exist in online records, including Case Nos. B269107, B270519, and B277749.

A timeline of these California Court of Appeal filings is as follows:

- Case No. B266001 (petition for habeas corpus): filed August 10, 2015; order denying petition issued September 18, 2015. (See Dkt. 1-1 at 29.)

- Case No. B267558 (petition for habeas corpus): filed October 15, 2015; order denying petition issued December 4, 2015. (See id. at 30.)

- Case No. B269107 (petition for habeas corpus): filed December 23, 2015; order denying petition issued February 4, 2016.

- Case No. B270519 (petition for habeas corpus): filed February 29, 2016; order denying petition issued March 3, 2016.

- Case No. B271225 (petition for habeas corpus): filed March 29, 2016; order denying petition issued April 26, 2016. (See id. at 31.)

- Case No. B275704 (petition for habeas corpus): filed June 22, 2016; order denying petition issued June 30, 2016. (See id. at 32-33.)

- Case No. B276615 (petition for habeas corpus): filed August 5, 2016; order denying petition issued August 18, 2016. (See id. at 34.)

- Case No. B277749 (petition for habeas corpus): filed September 20, 2016; order denying petition issued October 17, 2016.

- Case No. B279146 (petition for "Error Coram Vobis"): filed November 28, 2016; order denying petition issued December 30, 2016. (See id. at 35-36.)

- Case No. B280424 (petition for habeas corpus): filed January 30, 2017; order denying petition issued June 20, 2017. (See id. at 37.)

/ / /

### 3.     State Supreme Court.

Based on the Petition, Petitioner filed a single petition for habeas relief with the California Supreme Court, Case No. S243116. (Dkt. 1 at 3.) The petition was filed on July 13, 2017 and denied on September 20, 2017. (Dkt. 1-1 at 55.)

## II.    TIMELINESS.

This action is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Lindh v. Murphy, 521 U.S. 320, 336 (1997) (holding that AEDPA applies to cases filed after its effective date of April 24, 1996). AEDPA provides as follows:

> **(d) (1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Thus, AEDPA "establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition." Jimenez v. Quarterman, 555 U.S. 113, 114 (2009). The statute of limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

For a state prisoner who does not seek review in a state's highest court, a judgment becomes "final" for purposes of 28 U.S.C. § 2244(d)(1)(A) on the date that the time for seeking such review expires. Gonzalez v. Thaler, 565 U.S. 134, 150 (2012); Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). In California, a petitioner's period for seeking review from the California Supreme

Court expires forty days after the Court of Appeal decision is filed.  See Cal. R. Ct. 8.264(b)(1) ("[A] Court of Appeal decision … is final in that court 30 days after filing."); Cal. R. Ct. 8.500(e)(1) ("A petition for review must be … filed within 10 days after the Court of Appeal decision is final in that court.").

Here, Petitioner's direct appeal to the California Court of Appeal concluded on January 4, 2010.  Long, 2010 Cal.App.Unpub. LEXIS 8.  It does not appear that he sought direct review from the California Supreme Court.  Thus, for purposes of 28 U.S.C. § 2244(d)(1)(A), Petitioner's conviction became final no later than February 15, 2010, forty days after the unpublished appellate opinion was filed.[4]  AEDPA's one year statute of limitations therefore evidently expired on February 15, 2011, over six years before Petitioner commenced this action.

28 U.S.C. § 2244(d)(2) entitles a habeas petitioner to statutory tolling during the pendency of a "properly filed application for State post-conviction or other collateral review."  In this case, Petitioner filed a number of post-judgment applications for relief in state court.  It appears, however, that Petitioner filed his initial state habeas petition—in Los Angeles County Superior Court—no earlier than May 2013, more than two years after the February 2011 expiration of AEDPA's deadline.  Petitioner is not entitled to statutory tolling for the pendency of state habeas petitions that he did not initiate during the AEDPA limitations period, as "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).  Further, the Petition does not raise a basis for equitable tolling.  As a result, the Petition is facially untimely.

**III.    ORDER.**

Based on the above, this action appears subject to dismissal under Rule 4, which provides that a judge must "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition…."  Petitioner is therefore ordered to show cause why this action should not be dismissed by filing a written response *on or before January 16, 2018.*  Information relevant to the Court would include any facts supporting the conclusion that Petitioner is entitled to (1) statutory or equitable tolling of AEDPA's limitations period; or (2) an alternative starting date for the limitations period under 28 U.S.C. § 2244(d)(1)(B), (C), or (D).

Instead of filing a response to this Order, Petitioner alternatively may request a voluntary dismissal of this action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.  The Clerk of Court will attach a Notice of Dismissal form.  The Court warns that dismissed claims, if later re-filed, may be subject to the statute of limitations under 28 U.S.C. § 2244(d)(1) quoted above.

/ / /

---

[4]  February 13, 2010 was a Saturday.  (See Cal. R. Ct. 1.10(a).)

　　　　The Court further warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action based upon untimeliness.  See Fed. R. Civ. P. 41(b).


　　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk JD